**Electronically Filed
Intermediate Court of Appeals
30041
10-MAY-2012
08:34 AM**

NO. 30041

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ZHUANG XIAN LIN, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CRIMINAL CASE NO. 1P106-11491)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Zhuang Xian Lin ("Lin") appeals from the October 26, 2009 Notice of Entry of Judgment and/or Order of the District Court of the First Circuit ("District Court").[1] Following a bench trial, Lin was convicted of one count of rendering a false alarm in violation of Hawaii Revised Statutes ("HRS") § 710-1014 (1993),[2] and was sentenced to one year of probation.

On appeal, Lin contends that (1) there was no substantial evidence to support her conviction, and (2) she was deprived of her constitutional right to effective assistance of

---

[1] The Honorable Leslie Hayashi presided.

[2] HRS § 710-1014 states:

> (1) A person commits the offense of rendering a false alarm if the person knowingly causes a false alarm of fire or other emergency to be transmitted to or within an official or volunteer fire department, any other government agency, or any public utility that deals with emergencies involving danger to life or property.

> (2) Rendering a false alarm is a misdemeanor.

HAW. REV. STAT. § 710-1014 (1993).

counsel where her trial counsel failed to file a motion under Hawai'i Rules of Penal Procedure ("HRPP") Rule 9 to dismiss the case for a failure to timely execute the bench warrant against her.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lin's points of error as follows:

(1)  Lin argues that no substantial evidence supports the District Court's finding that she knowingly caused a false alarm to be transmitted to a government agency in violation of HRS § 710-1014.  Lin argues that she did not act knowingly because she "did not speak English," and had "physical and cognitive problems."  Additionally, Honolulu Police Officer Patricia Doronella ("Officer Doronella") described Lin as nervous, panicked, and scared when she found Lin, and testified that Lin had a history of pushing seemingly random buttons in an attempt to gain entrance to the police station.  We disagree with Lin's arguments.

"[I]t is not necessary for the prosecution to introduce direct evidence of a defendant's state of mind in order to prove that the defendant acted intentionally, knowingly or recklessly. State v. Eastman, 81 Hawai'i 131, 140-41, 913 P.2d 57, 66-67 (1996).  "Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." Id. at 141, 913 P.2d at 67.  "The mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." Id.

Here, Officer Doronella testified that on July 19, 2006, an alarm panel in the Honolulu Police Department at 801 Beretania Street ("Police Station") activated and that, upon investigation, she observed Lin in the Police Station parking lot "pushing and pulling the fire alarm [lever]," a red handle "on a red panel that says fire alarm on it."  This testimony shows that this fire alarm is distinctive from other buttons or switches; it

2

is reasonable to infer that someone who pulls a fire alarm knows what it will do.

Although Lin used a Cantonese interpreter at trial and Officer Doronella testified that she did not know if Lin understood English, no evidence was presented defining the extent to which Lin could not, in fact, read or understand English.[3/] Lin failed to present evidence that she did not know that she was pulling a fire alarm that would alert the authorities. Furthermore, no evidence was presented at trial, nor was it argued, that Lin could not form the requisite mens rea due to a mental defect.[4/] Finally, the fact that Officer Doronella testified that Lin looked scared, or that she observed Lin pushing multiple buttons to gain entry to the Police Station in the past goes to the weight, not the sufficiency, of the evidence.

Lin had full opportunity to present witnesses and evidence describing her limited linguistic or cognitive capabilities or that she, for some other reason, did not know that she was activating a fire alarm; instead, the only evidence Lin presented in her defense was her testimony that she had no memory of the incident taking place at all. Viewing the evidence in the strongest light for the prosecution, and giving the prosecution the benefit of all reasonable and rational inferences as we must, sufficient evidence was presented to support the conviction for rendering a false alarm. *See State v. Batson*, 73

---

[3/]     Lin points to a letter that she wrote to the District Court, dated December 31, 2006, written partially in Chinese script and partially in English, which states "I don't know English for me only can to you this Chinese letter." The letter, however, was not admitted into evidence at trial.

[4/]     Lin cites to a clinical assessment of Lin authored by Dr. Dennis Donovan, entered into the record before trial for the purposes of determining Lin's penal responsibility, for the proposition that Lin has "physical and cognitive problems," "Adjustment Disorder with Mixed Disturbance of emotions and mood[,]" and "mild mental retardation or borderline intellectual functioning." However, as the State correctly points out, Dr. Donovan further wrote that: "I do not think she is as cognitively impaired as she appears and I think of her as being rather manipulative." Dr. Donovan also stated that, in his opinion, Lin's "cognitive and volitional capacities were not legally substantially impaired by reason of a mental disorder at the time of the alleged offense" and that "her behavior was purposeful." Thus, the clinical assessment does little to support Lin's position that she lacked knowledge due to a cognitive disability. In any event, the assessment was not admitted into evidence at trial.

Haw. 236, 248-49, 831 P.2d 924, 931 (1992).

(2) "In criminal cases, the power of a court to dismiss a case on its own motion for failure to prosecute with due diligence is *inherent*." *State v. Mageo*, 78 Hawai'i 33, 37, 889 P.2d 1092, 1096 (App. 1995) (quoting *State v. Estencion*, 63 Haw. 264, 268, 625 P.2d 1040, 1043 (1981)) (internal quotation marks and brackets omitted). Whether to dismiss is a matter of judicial discretion, which requires a "balancing of the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system." *Id.* (quoting *State v. Moriwake*, 65 Haw. 47, 56, 647 P.2d 705, 712 (1982)).

Pursuant to HRPP Rule 9(c)(3)(i), a bench warrant "shall be executed without unnecessary delay by the arrest of the defendant." The State's failure to promptly execute a bench warrant may merit dismissal. *See State v. Lei*, 95 Hawai'i 278, 287, 21 P.3d 880, 889 (2001) (abuse of discretion not to dismiss for unnecessary delay in executing a bench warrant).

Here, however, the issue was not raised before the trial court. While we may consider ineffective-assistance-of-counsel claims for the first time on appeal,

> [w]e acknowledge . . . that not every trial record is sufficiently developed to determine whether there has been ineffective assistance of counsel; indeed, a defendant is often only able to allege facts that, if proved, would entitle him or her to relief. Therefore, . . . where the record on appeal is insufficient to demonstrate ineffective assistance of counsel, but where: (1) the defendant alleges facts that if proven would entitle him or her to relief, and (2) the claim is not patently frivolous and without [a] trace of support in the record, the appellate court may affirm defendant's conviction without prejudice to a subsequent Rule 40 petition on the ineffective assistance of counsel claim.

*State v. Silva*, 75 Haw. 419, 439, 864 P.2d 583, 592-93 (1993) (footnote omitted).

The record in this case does not contain any evidence on this point and is therefore insufficiently developed to establish ineffective assistance of counsel. A delay of over two years in the execution of the bench warrant could very well warrant dismissal. *See Lei*, 95 Hawai'i at 286 n.7, 21 P.3d at 888 n.7. Furthermore, the allegations are not patently

frivolous.

Therefore, IT IS HEREBY ORDERED that the October 26, 2009 Notice of Entry of Judgment and/or Order of the District Court is affirmed without prejudice to Lin bringing a subsequent HRPP Rule 40 proceeding alleging ineffective assistance of counsel.

DATED:  Honolulu, Hawai'i, May 10, 2012.

On the briefs:

Dean K. Young,
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge